UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN WALDNER, individually and as the representative of a class of similarly situated persons, and on behalf of The 401(k) Savings and Retirement Plan, Sponsored by Natixis Investment Managers, L.P., <br><br> Plaintiff, <br><br> v. <br><br> NATIXIS INVESTMENT MANAGERS, L.P., NATIXIS INVESTMENT MANAGERS, L.P. RETIREMENT COMMITTEE, <br><br> Defendants. | Civil No. 21-10273-LTS |

## ORDER ON REPORT AND RECOMMENDATION (DOC. NO. 110)

May 15, 2023

SOROKIN, J.

Plaintiff Brian Waldner moved for class certification. Doc. No. 50. The parties fully briefed the Motion. Doc. Nos. 50, 60, 81, 94, 96, 101. It was heard by Magistrate Judge Levenson on referral. Doc. Nos. 75, 87. The Court has now reviewed the Report and Recommendation, Doc. No. 110, issued by Judge Levenson, as well as the objection to it filed by Defendants. Doc. No. 115. After careful de novo review, the Court ADOPTS the thoughtful and cogent Report and Recommendation, ALLOWS the Motion for Class Certification, Doc. No. 50, as described therein at Doc. No. 110 page 6, and OVERRULES the objections to it made by Defendant. Several brief points bear mention.

First, Defendants complain that Judge Levenson's Report and Recommendation cites twice to Plaintiff's original withdrawn reply. While Defendants are correct that the Report does twice cite the Reply that Plaintiff withdrew, the complaint is much ado about nothing. In the first citation, Doc. No. 110 at 33, Judge Levenson merely notes that Plaintiff was advancing two types of arguments as to why his termination agreement did not disqualify him as a class member. The amended reply, Doc. No. 81-1 at 8-9, filed in lieu of the withdrawn reply, advances the arguments Judge Levenson was summarizing. Next, Judge Levenson referred to Plaintiff's contention that no evidence suggested Plaintiff knew anything about the process Defendants employed to select investments. Doc. No. 110 at 27. In so doing, the Report cites the withdrawn Reply. Id. But, again, this is an immaterial objection. Both Plaintiff's reply brief and amended reply advance this same contention. Doc. No. 81-1 at 7. Moreover, Defendants make no claim that they lacked a full and fair opportunity to confront this argument. Accordingly, the objection relating to these two citations is OVERRULED.

Second, Defendants complain they lacked a full and fair opportunity to address the precise terms of the class definition. Doc. No. 115 at 9. Specifically, the definition Judge Levenson recommends varies somewhat from the definition in the operative complaint by sweeping in funds affiliated with Natixis at any time as opposed to just during the class period. Compare Doc. No. 19 ¶ 68 ("All participants and beneficiaries of the 401(k) Savings and Retirement Plan … invested in funds managed by Natixis and its affiliates at any time on or after February 18, 2015) with Doc. No. 110 at 6 ("All participants and beneficiaries of the 401(k) Savings and Retirement Plan … invested in funds that were affiliated at any time with Natixis). This procedural objection is meritless. Plaintiff's opening brief proposed the class definition Judge Levenson recommends. Doc. No. 51 at 18. Defendants had ample opportunity to confront

2

the issue in the briefing on the Motion for Class Certification and in their objection. There was no procedural error. Insofar as they challenge the merits of the determination, the Court rejects those arguments for the reasons expressed in Judge Levenson's Report and Recommendation. Doc. No. 110 n.1.

Accordingly, the Report and Recommendation is ADOPTED, and the Motion for Class Certification is ALLOWED. The case is REFERRED to Judge Levenson for resolution of the pending discovery motion, Doc. No. 113, full pretrial management, and Reports and Recommendations on any dispositive motions.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge