UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRIAN WALDNER et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 21-10273-LTS |
| NATIXIS INVESTMENT MANAGERS, L.P., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE LEVENSON'S REPORT AND RECOMMENDATION ON THE PENDING MOTIONS (DOC. NOS. 138, 153, 155)

September 10, 2024

SOROKIN, J.

In response to Defendants' Motion for Summary Judgment (Doc. No. 138) and their Motions in Limine to Exclude Certain Opinions of Plaintiffs' Experts Donald C. Stone (Doc. No. 153) and Brian C. Becker, Ph.D. (Doc. No. 155), Magistrate Judge Levenson issued a Report and Recommendation, Doc. No. 193, and recommended that the Court deny the motions in all but several minor respects. Both parties filed objections. Doc. Nos. 194, 195. The Court reviews the R&R de novo and considers the objections filed by the parties.

Defendants object to the R&R in two respects. First, Defendants challenge the recommendation that the Court deny the Motion for Summary Judgment because VINIX is not a suitable comparator for the Gateway Fund for purposes of determining loss. See Doc. No. 194 at 2-9. Suitability for purposes of assessing loss presents a question of fact, certainly sometimes susceptible to resolution on summary judgment. Here, drawing all reasonable inferences in Plaintiffs' favor, the facts identified by Judge Levenson in the R&R, Doc. No. 193 at 49, suffice

to clear the summary judgment hurdle. While Defendants identify many contrary facts, some of which are undisputed, the standard at summary judgment is plaintiff-friendly. In addition, the Court's comments on the VINIX fund in the Order denying the Motion to Dismiss (Doc. No. 33) largely concerned whether the comparison supported an inference of prudence, a different question from suitability for the purposes of assessing loss. Thus, this first objection of Defendants is OVERRULED for these reasons as well as the reasons stated in the R&R.

Second, Defendants object to the recommendation that the Court deny the Motion in Limine insofar as it seeks to exclude Dr. Becker's use of VINIX as a suitable comparator for loss purposes. See Doc. No. 194 at 9-10. This objection is OVERRULED for the reasons stated herein as well as in the R&R. See Doc. No. 193 at 63-66. This ruling is without prejudice to Defendants raising the issue in a pretrial Motion in Limine and/or at trial.

Plaintiffs challenge the recommendation that the Court allow Defendants' Motion for Summary Judgment with respect to the alleged breach of the fiduciary duty based on the inclusion and retention of Oakmark International Fund on the Plan menu. See Doc. No. 195 at 7. This objection is also OVERRULED. As explained in the R&R, Plaintiffs fail to address why the inclusion of Oakmark International Fund specifically constitutes breach of fiduciary duty. See Doc. No. 193 at 29. Plaintiffs' so-called "wholesale" argument—evidence not specific to the Oakmark fund, such as infrequent meetings—simply does not provide sufficient evidence, even with the benefit of all reasonable inferences, to establish a breach in the selection or retention of Oakmark. Of course, Plaintiffs bear the burden to establish breach. For this reason, as well as the reasons expressed in the R&R, the objection of Plaintiffs is OVERRULED.

For the foregoing reasons, the Court ADOPTS the R&R (Doc. No. 193), DENIES the Motion for Summary Judgment (Doc. No. 138) except as stated in the R&R, and DENIES both

Motions in Limine (Doc. Nos. 153, 155). Within fourteen days, the parties shall file a status report setting forth their joint or separate positions for a schedule to govern pretrial filings, the anticipated duration of trial, proposed trial date(s), and any other matter the parties wish to bring to the Court's attention.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge